September 8, 2016
OFFICE OF
APPELLATE COURTS


STATE OF MINNESOTA

IN SUPREME COURT

A16-1252

Tamara Monaghen,

Petitioner,

vs.

Steve Simon, Minnesota Secretary of State,

Respondent.

ORDER

On August 5, 2016, Tamara Monaghen filed a petition under Minn. Stat. § 204B.44 (Supp. 2015), asking the court to remove the name of candidate Robert Barrett from the ballot for the November 8, 2016 general election for the office of State Representative for Legislative District 32B. Petitioner alleges that candidate Barrett will not have resided in District 32B for 6 months immediately preceding the November 8, 2016 general election, as required by Minn. Const. art. IV, § 6. As directed by an order of this court, candidate Barrett filed a response in opposition to the petition. An evidentiary hearing was held on August 19, 2016, before the Honorable George T. Stephenson, acting as referee by order of this court. Judge Stephenson filed his amended findings of fact on August 26, 2016, recommending that the petition be granted. Candidate Barrett filed written objections to the amended findings of fact and an informal memorandum on August 30, 2016. Petitioner and

1

respondent Steve Simon, the Minnesota Secretary of State, also filed memoranda in response to the referee's amended findings of fact. At the hearing held before this court on September 6, 2016, petitioner asked the court to adopt the referee's recommendation and direct the Secretary of State to remove Barrett's name from the ballot.

Candidate Barrett's affidavit of candidacy, filed with the Secretary of State on May 31, 2016, lists his residence as an address in Taylors Falls, Minnesota that is located in District 32B. Petitioner contends that candidate Barrett owns a house in a district other than 32B and alleges that candidate Barrett will not have resided at the District-32B address during the 6 months before the November 8, 2016 general election. The referee concluded that petitioner had proven by clear and convincing evidence that candidate Barrett did not reside in District 32B from approximately July 4, 2016 to August 1, 2016, and that, as a result, petitioner had proven that candidate Barrett had not resided in District 32B during the 6 months preceding the November 8, 2016 election.

We adopt the findings of the referee and consequently conclude that candidate Barrett will not be a resident of District 32B for the 6 months prior to November 8, 2016. "A candidate who has not resided in the legislative district for six months immediately preceding the . . . election is not qualified to run for state legislative office in that district." *Studer v. Kiffmeyer*, 712 N.W.2d 552, 557 (Minn. 2006).

Petitioner asks the court to remove the name of candidate Barrett from the ballot for the November 8, 2016 general election for the office of State Representative for Legislative District 32B. Minnesota law does not provide for the removal of a candidate's name from the ballot in the circumstances present in this case. Candidate Barrett is the nominee of a

2

major political party for a partisan office. An order from this court declaring candidate Barrett to be ineligible to hold the office he seeks creates a vacancy in nomination that invokes the procedures in Minn. Stat. § 204B.13 (2014 & Supp. 2015).

A vacancy in nomination for a partisan office exists when a major political party candidate "is determined to be ineligible to hold the office the candidate is seeking, pursuant to a court order issued under section 204B.44." Minn. Stat. § 204B.13, subd. 1(a)(3) (Supp. 2015). If a vacancy in nomination "occurs after the 79th day before the general election," the general election ballot remains unchanged, and the county and state canvassing boards "must not certify the vote totals for that office from the general election." Minn. Stat. § 204B.13, subd. 2(c) (Supp. 2015). Instead, "the office must be filled at a special election held" in "February of the year following the year the vacancy in nomination occurred." Minn. Stat. § 204B.13, subds. 2(c) (Supp. 2015), 7 (2014). "[N]o later than seven days after the general election," the major political party may fill the vacancy in nomination "by filing one nomination certificate with the same official who received the affidavits of candidacy for that office." *Id.*, subd. 2(a), (c) (Supp. 2015).

Here, the vacancy in nomination that results from the determination that candidate Barrett does not meet the constitutional residency requirement occurs less than 79 days before the general election on November 8, 2016. Under Minn. Stat. § 204B.13, the representative from District 32B must be selected at a special election that will be held on February 14, 2017.

Based upon all the files, records and proceedings herein,

3

IT IS HEREBY ORDERED THAT:

1. The petition of Tamara Monaghen is granted to the extent it seeks an order declaring that Robert Barrett is ineligible to hold the office of State Representative for Legislative District 32B because he will not have resided in that district for the 6 months preceding the November 8, 2016 general election. The petition of Tamara Monaghen is denied to the extent it seeks an order declaring that Robert Barrett's name shall be removed from the 2016 general election ballot for the office of State Representative for District 32B.

2. Respondent Steve Simon shall keep Robert Barrett's name on the 2016 general election ballot for the office of State Representative for District 32B and shall inform the county and state canvassing boards that, pursuant to this Order, the vote totals for the office of State Representative for District 32B from the 2016 general election should not be certified.

3. Respondent Simon shall prepare and distribute to each affected county auditor the notice to voters that must be posted in precincts on election day under Minn. Stat. § 204B.13, subd. 2(c).

4. So as not to impair the orderly election process, this order is issued with opinion to follow.

Dated: September 8, 2016        BY THE COURT:

Lorie S. Gildea
Chief Justice